**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Perry Lee GATES, Michael Todd Burley,
Defendants–Appellants.**

**No. 91–8083
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 28, 1992.

Murray Mendel Silver, Atlanta, Ga., for defendants-appellants.

Rise Weathersby, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant Michael Todd Burley.

James Roland Harper, III, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Perry Lee Gates, Michael Todd Burley, and Jonathan Milton Houston were convict-

ed on a joint indictment arising from a reverse-sting or controlled-sale operation in which a confidential government informant initiated contact with the defendants to arrange a sale of cocaine. This appeal concerns only Gates and Burley. Houston's separate appeal is pending.

Gates was found guilty on Count I, conspiring knowingly to possess a quantity of cocaine in excess of five kilograms with intent to distribute in violation of 21 U.S.C.A. § 846 (West 1981 and Supp.1992); Count II, knowingly attempting to possess a quantity of cocaine in excess of five kilograms with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1) (West 1981 and Supp.1992); and Count III, using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). He was sentenced to 78 months concurrent imprisonment on each of Counts I and II, five years consecutive on Count III, and a fine and assessment of $5150.

Burley was found guilty on Counts I and II. He was sentenced to 78 months concurrent imprisonment on each of Counts I and II and fined and assessed $2100.

### Gates

■ Gates' motion for judgment of acquittal was denied. We review the sufficiency of the evidence in the light most favorable to the government, drawing reasonable inferences in favor of the government and seeking to determine if a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *See U.S. v. Clavis*, 956 F.2d 1079, 1085 (11th Cir.1992); *U.S. v. Delgado*, 903 F.2d 1495, 1500 (11th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991). The evidence is sufficient when there is substantial evidence to support the conviction. *See U.S. v. Eley*, 723 F.2d 1522, 1525 (11th Cir.1984); *U.S. v. Brooks*, 703 F.2d 1273, 1277 (11th Cir.1983).

■ There is sufficient evidence of the existence of a conspiracy. The record establishes that Gates, Burley, and Houston acted in concord to purchase cocaine. Once the existence of a conspiracy is established, only slight evidence is necessary to connect

a particular defendant to the conspiracy. *See U.S. v. Orr*, 825 F.2d 1537, 1543 (11th Cir.1987). There is more than slight evidence to connect Gates to the conspiracy. He was present at the time of the actual transaction. There is also sufficient evidence of Gates' knowing intent to distribute cocaine on Count II. The coconspirators arranged to purchase two kilograms of cocaine, far more than that involved in personal use, and displayed to the confidential informant the money with which to purchase the cocaine. Lastly, there is sufficient evidence to support Gates' conviction on Count III. Two pistols were admitted into evidence at trial; they had been loaded and were lying under the front seat of the pickup truck driven by Houston in which Gates and Burley were passengers at the time of the drug transaction. Gates had sufficient access to the firearms to establish possession. We affirm Gates' conviction on all counts.

### Burley

■ Burley requested a jury charge on entrapment. The court refused and did not give any instruction that would overlap with the proposed charge other than generalized instruction as to willful and knowing conduct on Count II.

Entrapment is an affirmative defense which requires the defendant to present some evidence of government misconduct or improper inducement before the issue is properly raised. *United States v. Smith*, 840 F.2d 886, 887 (11th Cir.1988). The defendant has the initial burden of producing evidence to establish government misconduct, and the law clearly requires more than a scintilla of evidence that improper government conduct created the risk that a person other than one ready to commit the offense was so involved. *Id.* Only after the defendant meets this burden is a jury question on entrapment presented. *Id.* The sufficiency of the defendant's evidence is a question of law, which requires the district court to review the evidence in the light most favorable to the defendant. *Id.* at 887–88. The trial court's ruling on

this legal question is subject to *de novo* review when on appeal. *United States v. McKennon,* 814 F.2d 1539, 1543 (11th Cir.1987).

*U.S. v. Davis,* 902 F.2d 860, 866 (11th Cir. 1990). We have examined the evidence of government involvement and of Burley's response to it. The court did not err in not giving an instruction on entrapment.

Following the imposition of sentence, the district court did not provide Burley with an opportunity to object to the findings of fact, conclusions of law, or manner in which the sentence was pronounced. Burley raises on appeal the same three objections to his sentence that he raised with respect to the pre-sentence investigation report [PSI] at the sentencing hearing before the imposition of sentence. The court heard argument from both sides on each of defendant's three objections before overruling them. The court then sentenced Burley and asked him, "Would you care to say anything before I impose sentence?" Burley declined. The court then imposed sentence.[1]

■ Burley contends that the district court incorrectly determined that two kilograms of cocaine were involved in the offense conduct because he and his coconspirators, Gates and Houston, agreed to purchase only a quarter kilogram of cocaine and they were not capable of purchasing any more than that. Where, as here, a defendant is convicted of a conspiracy or an attempt to commit a drug offense, the offense level should be the same as if the object of the conspiracy or attempt had been achieved. U.S.S.G. § 2D1.4(a). The Application Note to this section explains that the defendant should be held accountable for any amount "under negotiation in an uncompleted distribution" unless the defendant "did not intend to produce and was not reasonably capable of producing" this negotiated amount. *Accord U.S. v. Alston,* 895 F.2d 1362, 1369–71 (11th Cir. 1990).

The evidence shows that Burley negotiated a purchase of two kilograms of cocaine from the confidential informant and indicated, along with his fellow conspirators at the time of the actual transaction, an interest in later purchasing up to six kilograms. At the time of the actual transaction, however, the defendants had only enough money on hand to purchase one quarter kilogram of cocaine. The court followed the recommendation of the PSI and determined Burley's base offense level on the basis of two kilograms of cocaine. U.S.S.G. § 2D1.1(a)(3). This finding was not clearly erroneous.

■ Burley asserts that the court erred in enhancing his offense level for possession of a firearm during a drug transaction. He contends that he was unaware of the two guns stored under the front seat of his coconspirator's truck. U.S.S.G. § 2D1.1(b)(1) provides for a two-point enhancement of the offense level if a firearm was possessed during the commission of a drug related offense.

■ A coconspirator's possession of a firearm will support enhancement of a second coconspirator's offense level under § 2D1.1(b)(1) if: (1) the firearm possessor was charged as a coconspirator; (2) the coconspirator possessed the firearm in furtherance of the conspiracy; and (3) the coconspirator who is to receive the sentence enhancement was a member of the conspiracy at the time that his coconspirator possessed the firearm. *U.S. v. Otero,* 890 F.2d 366, 367 (11th Cir.1989). The government bears the burden of establishing the appropriateness of the enhancement. *See U.S. v. Wilson,* 884 F.2d 1355,

---

1. Burley was sentenced on January 11, 1991, so that the requirements of *U.S. v. Jones,* 899 F.2d 1097, 1102–03 (11th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), would apply requiring defendant be given an opportunity to object after sentence is imposed. Burley has not raised the applicability of *Jones,* but, in any event, the record permits meaningful review because the same objections raised on appeal had been argued before sentence was imposed. *See U.S. v. Cruz,* 946 F.2d 122, 124 n. 1 (11th Cir.1991) (noting technical violation of *Jones* but holding record "sufficient for meaningful appellate review"); *U.S. v. Villarino,* 930 F.2d 1527, 1528–29 (11th Cir.1991) (holding failure to make explicit findings of fact and conclusions of law did not preclude meaningful appellate review).

1356 (11th Cir.1989). This burden may be discharged by establishing disputed facts by a preponderance of the evidence. *See U.S. v. Ignancio Munio,* 909 F.2d 436, 439 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1393, 113 L.Ed.2d 449 (1991).

All three prongs of *Otero* were met. The three defendants were convicted of conspiracy to distribute cocaine; two members of the conspiracy, Gates and Houston, were convicted of possession of a firearm during (and in furtherance of) a drug transaction; and Burley was a member of the cocaine conspiracy when his coconspirators possessed the firearms. The district court's finding that Burley possessed a firearm as a member of the cocaine conspiracy was not clearly erroneous.

■ Finally, Burley says that the district court erred in refusing to decrease his offense level in light of his role as a minor participant. U.S.S.G. § 3B1.2(b). The Application Note to this section indicates that a minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." The defendant bears the burden of establishing the appropriateness of the reduction by a preponderance of the evidence. *See Ignancio Munio,* 909 F.2d at 439; *Wilson,* 884 F.2d at 1356. The evidence indicates that Burley was a member of the cocaine conspiracy all along, he knew the other coconspirators, he served as a liaison between the confidential informant and the other coconspirators in three recorded telephone conversations prior to the actual meeting, and he arranged the manner in which the transaction would occur. The district court was not clearly erroneous in refusing to reduce Burley's offense level.

AFFIRMED.