UNITED STATES of America

v.

Hollis LOCKETT, Defendant.

CR. No. 92–48–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Nov. 10, 1994.

Deborah M. Vaughan (§ 2255 motion) Atlanta, GA, for Lockett.

Asst. U.S. Atty., Michael T. Solis, Macon, GA, for U.S. Attorney's Office.

## ORDER

OWENS, Chief Judge.

Before the court is defendant's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## PROCEDURAL HISTORY

On May 29, 1992, a grand jury for the Middle District of Georgia returned a seven-count indictment against Hollis Lockett and two co-defendants. The indictment charged Lockett with conspiracy to possess with intent to distribute cocaine (Count 1) and distribution of cocaine (Counts Two, Three, Four, Five, and Six). On June 10, 1992, Lockett entered a plea of not guilty. On May 13, 1993, after a jury trial, Lockett was found guilty on Counts One, Four, Five, and Six of the indictment. On August 20, 1993, Lockett was sentenced to 235 months on Counts One, Four, Five, and Six.

On February 15, 1994, Lockett filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. The court denied Lockett's motion on May 31, 1994. On August 16, 1994, Lockett filed a second 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. In his second § 2255 motion, Lockett contends that his sentence should be vacated

because: (1) The United States Attorney violated his right to a speedy trial; (2) the drugs on which the indictment and conviction were based had been destroyed prior to trial; (3) the evidence was insufficient to sustain his conviction; (4) the amount of drugs used in calculating his sentence was improper; (5) ineffective assistance of counsel; (6) his sentence was improperly enhanced for obstruction of justice; and (7) the court failed to submit an entrapment charge to the jury. After reviewing defendant's motion, the court ordered the United States Attorney to file a written response. The United States Attorney has filed a written response to defendant's motion, and the motion is now before the court for decision.

## DISCUSSION

### I. Right to Speedy Trial

Defendant contends that his "Fifth and Fourteenth Amendment due process rights and Sixth Amendment right to a speedy trial were violated and denied through the Government's bringing of an Indictment against him in 1992 ... for alleged criminal conduct which took place in 1987...." (Def.'s Br. at 2.)

In *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the United States Supreme Court held: "[T]he protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *Marion*, 404 U.S. at 313, 92 S.Ct. at 459. Therefore, the Sixth Amendment does not provide a basis for challenging pre-indictment delay.

On the other hand, "the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay ... caused substantial prejudice to [defendant's] right[ ] to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." *Id.* at 324, 92 S.Ct. at 465. Defendant, however, has provided the court with only a general allegation of prejudice. In light of the evidence submitted at trial, defendant has not shown that the pre-indictment delay

resulted in substantial prejudice to his right to a fair trial. Further, there is absolutely no evidence in the record to suggest that the pre-indictment delay was an intentional act designed to gain tactical advantage over defendant.

■ Finally, the court notes that the May 29, 1992 indictment was brought within the applicable statute of limitations. As the Supreme Court stated in *Marion*, the applicable statute of limitations is " 'the primary guarantee against bringing overly stale criminal charges.' " *Marion*, 404 U.S. at 322, 92 S.Ct. at 464.

Accordingly, defendant's Fifth Amendment due process rights and Sixth Amendment right to a speedy trial were not violated through the Government's bringing of an indictment against him in 1992 for criminal conduct that occurred in 1987.

## II. Destruction of Evidence

■ According to defendant, his "Fifth, Fourteenth Amendment, and Sixth Amendment confrontation rights were violated by the government as the alleged controlled substances on which the indictment and conviction/sentence depended ... had already been destroyed by the Crime Lab prior to trial and prior to the indictment." (Def.'s Br. at 2.)

■ "A defendant in a drug prosecution has a right to have an expert of his own choosing perform an independent analysis of the seized substance." *United States v. Rolande-Gabriel*, 938 F.2d 1231, 1238 (11th Cir. 1991); *see also United States v. Nabors*, 707 F.2d 1294, 1296 (11th Cir.1983). "The government additionally has a concomitant obligation to try in good faith to preserve important material." *Rolande-Gabriel*, 938 F.2d at 1238. However, "where the material has been destroyed in spite of the government's good faith attempt to preserve it, testimony as to the nature of the material need not be suppressed absent showing that the testing of the material by another expert would have been reasonably likely to produce evidence favorable to the defendant." *Nabors*, 707 F.2d at 1297. Further, "[a]bsent some proof that the destroyed evidence was exculpatory or that the evidence was destroyed in bad

faith, the case should not be dismissed." *Rolande-Gabriel*, 938 F.2d at 1238.

In the case *sub judice*, the United States, through various witnesses, explained the absence of the evidence to the jury. In addition, the United States presented overwhelming evidence that the substance at issue was cocaine. Finally, defendant presented absolutely "no evidence that the material was anything other than the contraband charged," *Nabors*, 707 F.2d at 1297, and the record lends no support to a contention that the evidence was destroyed in bad faith. "In short, the absence of the seized evidence did not deprive [defendant] of a fundamentally fair trial." *Id.*

## III. Insufficiency of Evidence

■ Defendant asserts that there was insufficient evidence presented at trial to support his conviction. In judging the sufficiency of the evidence presented at trial, this court is required to review "the evidence 'in the light most favorable to the government, accepting all reasonable inferences and credibility choices that tend to support the jury's verdict.' It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, if a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Howard*, 918 F.2d 1529, 1534 (11th Cir.1990); *see also United States v. Gates*, 967 F.2d 497, 499 (11th Cir. 1992). After a careful review of the record, the court finds that a reasonable trier of fact could have found that the evidence submitted at trial established defendant's guilt beyond a reasonable doubt.

## IV. Quantity of Drugs Attributable

Defendant contends that his "Sixth Amendment right was violated at the sentencing by the trial court when it adopted and sentenced [defendant] by the measure of 'drugs' in the overall transaction ... and not from the quantity submitted into evidence." (Def.'s Br. at 4.)

■ On May 13, 1993, after a jury trial, defendant was found guilty on Counts One, Four, Five, and Six of the indictment. Count

I of the indictment charged defendant with conspiracy to possess with intent to distribute cocaine. As a participant in the conspiracy, defendant is held accountable for the total amount of drugs attributable to the conspiracy. *See United States v. LaFraugh,* 893 F.2d 314, 317 (11th Cir.1990); U.S.S.G. § 1B1.3(a)(1). The United States presented sufficient evidence at trial to establish the amount of drugs attributed to defendant. Accordingly, defendant's Sixth Amendment right was not violated by holding defendant accountable for the overall measure of drugs involved in the conspiracy.

### V. Ineffective Assistance of Counsel

Defendant asserts that his "right to effective assistance and advice of counsel at both the pretrial and trial stages was denied...." (Def.'s Br. at 4.)

■ As an initial matter, the court notes that defendant raised this same contention in his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The court denied that motion on May 31, 1994. Section 2255 provides that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255. Accordingly, the court declines to entertain defendant's contention that he received ineffective assistance of counsel.

■ However, even if this court were to exercise its discretion and address defendant's contention a second time, defendant's argument would fail yet again. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-pronged test for determining whether a defendant has received ineffective assistance of counsel. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This

requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Id.* at 697, 104 S.Ct. at 2069. Accordingly, after a careful examination of the record, the court finds that the alleged deficiencies were not "so serious as to deprive the defendant of a fair trial." *Id.* at 687, 104 S.Ct. at 2064.

### VI. Enhancement for Obstruction of Justice

■ Defendant contends that his "Fifth and Fourteenth Amendment due process rights were violated by the district court's improper ... assessment of ... a two (2) level sentence enhancement for obstruction of justice...." (Def.'s Br. at 5.)

Section 3C1.1 of the United States Sentencing Guidelines provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1. The comments to § 3C1.1 state that perjury is an example of the type of conduct to which § 3C1.1's two-level enhancement applies.

■ In *United States v. Dunnigan,* — U.S. —, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), the United States Supreme Court held that "upon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines." *Dunnigan,* — U.S. at —, 113 S.Ct. at 1119. A witness testifying under oath commits perjury if he "gives false testimony concerning a material matter with the wilful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *Id.* at —, 113 S.Ct. at 1116.

In the case *sub judice*, the United States introduced at trial evidence of tape recordings of defendant. Defendant, however, testified at trial that it was not his voice on the recordings submitted by the United States. Defendant does not suggest that his testimony was the result of confusion, mistake, or faulty memory; defendant simply contends that it was not his voice on the recordings. The evidence submitted at trial, however, showed otherwise. It was on this basis that the court assessed a two-level enhancement pursuant to U.S.S.G. § 3C1.1. Accordingly, defendant's Fifth Amendment due process rights were not violated by the assessment of a two (2) level enhancement *for obstruction of justice.*

### VII. Entrapment Charge

 Defendant asserts that his "Fifth and Fourteenth Amendment due process rights were violated by the district court's rejection and refusal to submit Defendant's entrapment defense on charge to the jury ...." (Def. at 5.)

Entrapment is an affirmative defense which requires the defendant to present some evidence of government misconduct or improper inducement before the issue is properly raised. The defendant has the initial burden of producing evidence to establish government misconduct, and the law clearly requires more than a scintilla of evidence that improper government conduct created the risk that a person other then one ready to commit the offense was so involved. Only after the defendant meets this burden is a jury question on entrapment presented.

*United States v. Davis*, 902 F.2d 860, 866 (11th Cir.1990); *see also United States v. Gates*, 967 F.2d 497, 499 (11th Cir.1992). After a careful review of the record, the court finds that defendant has failed to meet his burden of "producing evidence to establish government misconduct." *Davis*, 902 F.2d at 866. Accordingly, defendant was not entitled to have the jury instructed as to the defense of entrapment.

### VIII. Evidentiary Hearing

"In a section 2255 proceeding, the district court must accord the movant an evidentiary hearing ' "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." ' " *Anderson v. United States*, 948 F.2d 704, 706 (11th Cir.1991). For the reasons set forth in Parts I–VII of this order, the court finds that the record in the case *sub judice* conclusively shows that defendant is entitled to no relief. Accordingly, defendant's request for an evidentiary hearing is **DENIED.**

### *CONCLUSION*

Defendant Hollis Lockett's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence is **DENIED.**

**SO ORDERED.**