[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-15938
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 27, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 01-06067-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON G. WOLF,

Defendant-Appellant.

----------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------

**(October 27, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Leon G. Wolf appeals his sentence for violating his probation, which he contends is unreasonable. Seeing no reversible error, we affirm his sentence.

I.

In 2003, Wolf was sentenced to five years' probation and ordered to pay more than $280,000 in restitution for tax fraud. Over the next year, Wolf committed three separate probation violations and, as a result, a warrant was issued for his arrest. Because Wolf had allegedly fled the country, the warrant was not executed until late 2007 however.

At his revocation hearing, Wolf, who was then sixty-three years old, admitted to each probation violation but nevertheless asked the district court to terminate his probation on account of his old age, declining health, and desire to provide continued assistance to law enforcement agencies.[1] The government opposed Wolf's request for leniency, disputing his claim of ill health,[2] noting that he had done little to satisfy his restitution obligations, and claiming that he had fled the country in 2004 to avoid further prosecution. The government asked for the statutory maximum: five years in prison.

The district court agreed that Wolf violated his probation. After stating that the court had carefully considered the parties' arguments, the probation violation

[1]Wolf claimed that he made a living as an informant.

[2] While in custody, Wolf refused laboratory tests to confirm and medication to help his alleged health issues.

report, and the original pre-sentence report, the court revoked Wolf's probation.

The court then sentenced Wolf to twelve months' imprisonment, concluding that

his misconduct warranted a sentence slightly above the Federal Sentencing

Guidelines range of three to nine months' imprisonment "to reflect respect for the

law, to provide just punishment, and to afford adequate deterrents [sic] to future

criminal conduct."  Wolf appeals.

II.

We review the reasonableness of a sentence for an abuse of discretion.[3]

Gall v. United States, 128 S. Ct. 586, 596-97 (2007).  The party challenging the

sentence must show that it is unreasonable in the light of the record and the factors

in 18 U.S.C. § 3553(a).  United States v. Talley, 431 F.3d 784, 788 (11th Cir.

2005).  Here, Wolf claims that his sentence is procedurally unreasonable because

the district court did not explain why it deviated from the Guidelines range or

consider all section 3553(a) factors when doing so.  Wolf also believes his

---

[3]Although the district court failed to elicit objections after imposing Wolf's sentence as required by United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled in part on other grounds, United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993), remand is unnecessary because Wolf has not raised the issue on appeal and the record allows for meaningful review of his claims.  United States v. Gates, 967 F.2d 497, 500 n.1 (11th Cir. 1992).

sentence is substantively unreasonable because it is greater than necessary to serve its purpose. Both arguments fail.

A district court errs procedurally if it does not sufficiently explain the chosen sentence or consider the factors in section 3553(a) when determining that sentence. Gall, 128 S. Ct. at 597. The court, however, need not openly state that it has considered each section 3553(a) factor or explicitly discuss those factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, it need disclose only "enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

Wolf's sentence is procedurally sound. The record shows that the district court entertained the arguments of each party, including Wolf's supposed mitigating circumstances, and confirmed the applicable Guidelines range. The court also noted that it had reviewed the probation violation and pre-sentence reports, the latter of which outlined the maximum penalty for Wolf's underlying crime. In addition, the court explicitly relied upon certain section 3553(a) factors—the need to promote respect for the law, to provide just punishment, and to deter future criminal conduct—in concluding that a sentence above the

Guidelines range was warranted.[4]  Because we see no procedural error, we will affirm Wolf's sentence unless it is substantively unreasonable.

When reviewing the substantive reasonableness of a sentence above the Guidelines range, we afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008) (internal quotation marks omitted). We will reverse only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (internal quotation marks omitted).

Wolf's sentence is also substantively sound.  Wolf admittedly violated three separate conditions of his probation and, after doing so, allegedly fled the country to avoid prosecution.  Moreover, he made little effort to fulfill his restitution obligations, which totaled over $280,000.  Based on these facts alone, Wolf's

---

[4] Wolf claims that the district court violated section 3553(c)(2) by not sufficiently disclosing the reasons for his above-Guidelines sentence in its written order.  But even if Wolf is correct, we do not believe this mistake, standing alone, mandates the reversal of an otherwise reasonable sentence. See United States v. Jones, 509 F.3d 911, 916 (8th Cir. 2007).

sentence, which only slightly exceeds the Guidelines range and which is well below the statutory maximum, is not substantively unreasonable.

## III.

Wolf's sentence is AFFIRMED.