[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2009
THOMAS K. KAHN
CLERK

-------------------------------------------

No. 07-15301
Non-Argument Calendar

-------------------------------------------

D.C. Docket  No. 07-20138-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMILLON (DAMION) L. BELL,

Defendant-Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-----------------------------------------------------------------

(January 28, 2009)

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Damillon Bell appeals his convictions and sentence after a jury trial for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Bell contends that the district court erred in denying his motion for judgment of acquittal based on insufficient evidence and in relying on prior convictions not alleged in his indictment or proved to a jury to enhance his sentence. We disagree and affirm his convictions and sentence.

I.

Upon a defendant's motion, a district court must grant a "judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). We review de novo the sufficiency of evidence to support a conviction. United States v. Ortiz, 318 F.3d 1030, 1036 (11th Cir. 2003). We will affirm a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Hunt, 187 F.3d 1269, 1270 (11th Cir. 1999) (internal quotation marks omitted) (emphasis in original). In making this determination, we review the evidence in the light most favorable to the government and accept all

reasonable inferences in favor of the jury's verdict.  United States v. Chirinos, 112 F.3d 1089, 1095 (11th Cir. 1997).

We see sufficient evidence to sustain Bell's conviction for possession with intent to distribute cocaine base.[1]  At trial, Detective Leonard Gonzalez of the Miami-Dade Police Department testified that he observed Bell engage in what appeared to be several narcotics transactions:  Bell would speak to a person briefly, walk to the front of his parked truck, return to the person, and exchange a small object for money.  Detective Gonzalez also stated that he found a clear bag, in which there were six individual, smaller, pink baggies containing crack cocaine, in the front wheel well of Bell's truck.  From this evidence, we believe a jury could properly infer that Bell knew that the pink baggies contained crack cocaine, Bell possessed the pink baggies, and Bell intended to distribute the pink baggies.

We also see sufficient evidence to sustain Bell's conviction for possession of a firearm by a convicted felon.[2]  Bell disputes only that he knowingly possessed

---

[1] To convict under section 841(a)(1), "the government must show that a defendant knowingly possessed the controlled substance with the intent to distribute it."  United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005).

[2] To convict under section 922(g)(1), the government must show (1) the defendant was a convicted felon, (2) the defendant knowingly possessed a firearm or ammunition, and (3) the firearm or ammunition was part of interstate commerce.  United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008).

3

a firearm. But possession can be actual or constructive. United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004). To establish constructive possession, the government must "produce evidence showing ownership, dominion, or control over the contraband itself . . . or the vehicle in which contraband is concealed." Id. (internal quotation marks omitted) (emphasis added). Here, Detective Gonzalez testified that he found a loaded firearm under the driver's seat of Bell's truck, which is where Bell would occasionally sit between drug transactions.[3] We believe that this evidence is sufficient for a jury to conclude that Bell knowingly possessed the firearm at issue. Id.; United States v. Gates, 967 F.2d 497, 499 (11th Cir. 1992). We, therefore, see no error in the district court's denial of Bell's motion for judgment of acquittal.

II.

---

[3] Although Bell's brother testified that he purchased the firearm for his own protection and stored it, without Bell's knowledge, in a compartment in the center console of Bell's truck, the jury has the exclusive power to determine the credibility of witnesses. United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999). In convicting Bell, the jury apparently afforded little weight to that testimony, which is not surprising given that the firearm was actually found under the driver's seat, not in the center console, and Bell's brother conveniently saved his admission for trial.

We similarly see no merit in Bell's contention that the district court erred in using his prior convictions -- not listed in his indictment or proved to a jury -- to enhance his sentence. In <u>Almendarez-Torres v. United States</u>, 118 S. Ct. 1219 (1998), the Supreme Court concluded that the government need not allege in its indictment or prove beyond a reasonable doubt that a defendant had prior convictions for the district court to use those convictions to enhance a sentence. <u>Id.</u> at 1223. Prior precedent, therefore, bars any argument that the district court erred in sentencing Bell based on convictions not listed in his indictment or proved to a jury. <u>United States v. Wade</u>, 458 F.3d 1273, 1278 (11th Cir. 2006).

III.

Bell's convictions and sentence are AFFIRMED.