[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11211
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 07-20995-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 5, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Robert Johnson appeals his conviction for using a facility of interstate

commerce to commit murder for hire, in violation of 18 U.S.C. § 1958. At trial, the evidence showed that a confidential informant offered to complete a drug transaction with Johnson, but conditioned the transaction on Johnson's willingness to kill a member of the informant's supposed organization. Johnson repeatedly agreed to commit the murder, stated that he planned to use an icepick to carry out the murder, and declined an opportunity to back out of his agreement to commit the murder. During the search incident to his arrest, police found a newspaper article in his pocket describing a series of drug-related murders using a knife that happened in 2002. After the arrest, police searched the car that Johnson rode in and found a set of barbeque skewers in the floorboard of the front passenger seat.

Johnson appeals (1) the sufficiency of the evidence, (2) the refusal of the district court to give Johnson's requested jury instruction on entrapment, and (3) the admission into evidence of the newspaper article. After review of the record and the parties' briefs, we affirm.

I. *Sufficiency of the Evidence*

We review *de novo* challenges to the sufficiency of the evidence, viewing the evidence in the light most favorable to the government. *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000) (per curiam). Section 1958(a) requires the government to prove that the defendant: (1) used or caused another to

2

use any facility of interstate or foreign commerce; (2) with the intent that a murder be committed; (3) as consideration for a promise or agreement to pay anything of pecuniary value. 18 U.S.C. § 1958(a).

Johnson argues that there was insufficient evidence as to his intent to murder because no evidence linked him to the barbeque skewers that the government asserted were the intended murder weapons. Johnson emphasizes that his codefendant testified that the codefendant was alone when he purchased the skewers. Johnson asserts that his plan was to steal the drug money without committing the murder. Despite the numerous references to a firearm by a government witness during the trial, Johnson emphasizes that no firearm was seized.

However, the evidence shows that Johnson repeatedly agreed to commit the murder and planned out the murder. Furthermore, on the day that the murder was to be carried out, Johnson put glue on his fingers to hide his fingerprints and discussed using an ice pick, rather than a gun, to commit the murder. Barbeque skewers were found in the floorboard of the front passenger seat, where Johnson would sit when he rode in the car. Johnson also expressed that more important than the money he would be paid for the murder was the money he would make in the drug business, which he thought could only be accomplished through the

3

murder. Therefore, the evidence was sufficient for the jury to conclude that Johnson intended to commit murder for hire.

II. *Entrapment Instruction*

Johnson argues that he was entitled to have the jury instructed on the defense of entrapment because he produced sufficient evidence to support his theory of defense. He asserts that the numerous phone calls to him from the confidential informant indicated that he was being entrapped. Moreover, he notes that the jury requested and was denied an instruction on entrapment.

Entrapment is an affirmative defense, and before an entrapment jury instruction may be issued, the defendant must show that the government induced him into committing the crime with which he is charged. "A defendant is not entitled to an entrapment instruction unless he first shows some evidence, more than a scintilla, that government agents induced him to commit the offense." *United States v. Chirinos*, 112 F.3d 1089, 1102 (11th Cir. 1997) (citation and quotation omitted). The sufficiency of this evidence is a question of law, and the district court's ruling on this legal question is subject to *de novo* review. *United States v. Gates*, 967 F.2d 497, 499–500 (11th Cir. 1992) (per curiam) (citation and quotation omitted).

To show government inducement, the defendant must establish that the

4

government engaged in "persuasion or mild coercion" and did not merely suggest that he commit the crime. *United States v. Quinn*, 123 F.3d 1415, 1423 (11th Cir. 1997) (quotation and citation omitted). The defendant can show this by "demonstrating that he had not favorably received the government plan, and the government had had to 'push it' on him, . . . , or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate." *Id.* (omission in original) (quotation and citation omitted). When evaluating whether the defendant satisfied his burden, we view the evidence "in the light most favorable to the accused." *Id.*

Here, Johnson initiated the conversation about murder by informing the confidential informant that he had recently committed a murder for hire in Washington, D.C. At that point, the confidential informant mentioned that he had a problem with a drug carrier, and Johnson stated that he could take care of it. In a later conversation, the confidential informant later mentioned that he still had a problem with the drug carrier and asked if Johnson could fix his problem, to which Johnson replied, "No problem." D.E. 137 at 162. Johnson and the confidential informant spoke several times and discussed the preparations that needed to be made for the murder, including transportation and the weapons that would be used. Each time they spoke, the confidential informant merely suggested that Johnson

5

commit the crime, and asked if he was still willing and ready to carry out the murder. At one point, the confidential informant told him that if Johnson did not want to go through with it, he did not have to murder the target. Johnson did not show reluctance to carry out the murder. Consequently, Johnson did not present sufficient evidence that the government persuaded or mildly coerced him into committing a crime.

The district court did not err in refusing to give an entrapment instruction because the evidence at trial, including Johnson's willingness to commit murder and his decision to decline an opportunity to withdraw from the murder plot, did not show that the government did more than suggest that Johnson commit the crime.

III. *Admission of Evidence*

Johnson argues that the district court erred by admitting the newspaper article found in his pocket into evidence, even though such evidence was irrelevant and highly prejudicial. He maintains that he was forced to explain a possible connection to a murder where knives were used to painfully slice a woman and a drug dealer to find where drugs were located, even though no evidence linked Johnson with the skewers. He asserts that the evidence allowed the jury to speculate that Johnson was involved in that murder, even though the government

6

knew that he was incarcerated when the murder occurred.

We review a district court's decision not to exclude evidence as irrelevant or prejudicial under Federal Rule of Evidence 403 for an abuse of discretion. *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) (citation omitted). Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. However, "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and [t]he balance . . . should be struck in favor of admissibility," maximizing the probative value of the evidence and minimizing its prejudicial impact. *Tinoco*, 304 F.3d at 1120 (quotation and citation omitted) (alterations in original). "The major function of Rule 403 is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991) (quotation and citation omitted). Even when the evidence is sufficient to support a verdict, non-constitutional errors require reversal unless the government shows that the error did not have a "substantial influence" on the verdict. *United States v. Baker*, 432 F.3d 1189, 1223–24 (11th Cir. 2005) (citations omitted).

The article had probative value because it could have shown that Johnson intended to use the same method of killing his target as the murderer in the article.

While it may have suggested that Johnson committed the murder described in the article, any possible error in admitting the newspaper article was harmless because the evidence of Johnson's guilt was overwhelming. Accordingly, we affirm Johnson's conviction.

**AFFIRMED.**