[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10441
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00532-MSS-TBM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALVOID KENNON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 15, 2019)

Before WILLIAM PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Alvoid Kennon of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On appeal, Mr. Kennon challenges his conviction on sufficiency of the evidence grounds. After careful review, we affirm.

## I

On the morning of April 13, 2016, police officers were preparing to execute a search warrant for a home on West 3rd Street in Bradenton, Florida. Detective Carl Jones was stationed in an unmarked vehicle about one block away from the residence. He observed a green Ford Expedition drive up to the residence and park in front of it. He then saw Mr. Kennon exit from the driver's side of the Expedition. Detective Jones did not see anybody else in the Expedition, or anybody else exit the Expedition. He radioed the search-warrant team about having seen Mr. Kennon, who had an outstanding warrant for a failure to appear at a prior court date.

Two additional detectives, Detective Ben Pieper and Detective Andres Perez, arrived within minutes, also in an unmarked vehicle. Shortly thereafter, they exited their vehicle and yelled, "Stop, police." Mr. Kennon ran. After a brief pursuit, Detective Perez caught up with Mr. Kennon, and took him into custody.

When the search-warrant team arrived at the residence, two detectives searched the Expedition. Through the window, they saw a pistol in plain view. They secured the pistol, and found several rounds of ammunition within it. Inside the car,

2

the officers also found title for a different vehicle that had previously been registered to Mr. Kennon, as well as a Florida photo identification card and gym membership card, both belonging to Mr. Kennon.

In December of 2016, a federal grand jury charged Mr. Kennon, in a one-count indictment, with being a felon in possession of a firearm and ammunition. The case proceeded to a jury trial. At trial, the government presented testimony from, among others, Special Agent Walton Lanier of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). Agent Lanier testified that he had examined the pistol found in the green Expedition and determined that it was a Glock manufactured in Austria. He similarly testified that the ammunition found inside the pistol been manufactured in Arkansas and the Czech Republic.

Mr. Kennon presented three witnesses, including his mother, who testified that she was the registered owner of the Expedition. She further stated that several days before Mr. Kennon was arrested, she had given the keys to the Expedition to Frederick Jefferson, the sole occupant of the West 3rd Street residence, so that Mr. Jefferson could perform maintenance on the vehicle. She also testified that Mr. Jefferson frequently carried a gun and that the gun found in the Expedition was a favorite of his.[1]

---

[1] Mr. Jefferson passed away in November of 2016.

Mr. Kennon moved for a judgment of acquittal under Fed. R. Crim. P. 29, arguing, among other things, that the evidence was insufficient to prove that he knowingly possessed the firearm and ammunition. The district court denied Mr. Kennon's motion, and the jury found him guilty.

## II

We review *de novo* the denial of a motion for acquittal on sufficiency-of-the-evidence grounds. *See United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005). In doing so, we view all evidence in the light most favorable to the government and draw all reasonable inferences in favor of the jury's verdict, and we ask whether any rational trier of fact would have found all the essential elements of the crime beyond a reasonable doubt. *See United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006); *United States v. Ramirez*, 426 F.3d 1344, 1351 (11th Cir. 2005). But where a defendant raises on appeal a challenge to the sufficiency of the evidence that he did not raise in the district court, we review only for plain error. *See United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013); *United States v. Baston*, 818 F.3d 651, 663-64 (11th Cir. 2016).

To prevail under plain-error review, Mr. Kennon must show "(1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (internal quotation marks omitted).

## III

To prove that a defendant violated § 922(g)(1), the government must show that he knowingly possessed a firearm or ammunition, that he was a convicted felon, and that the firearm or ammunition was in or affecting interstate commerce. *See United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008).

## A

Mr. Kennon contests the first element of the offense, arguing that there was no evidence that he knowingly possessed the firearm, and insufficient evidence to find that he constructively possessed it. For purposes of § 922(g)(1), "the government need not prove actual possession in order to establish knowing possession; it need only show constructive possession through direct or circumstantial evidence." *United States v. Green*, 565 F.3d 832, 841 (11th Cir. 2009) (citations omitted). A defendant constructively possesses a firearm or ammunition if he "has knowledge of the [item] coupled with the ability to maintain control over it or reduce it to his physical possession." *United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996). In order to establish constructive possession, the government must produce evidence of ownership, dominion or control over the item, or of the vehicle or premises in which the item is found. *See United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004).

5

Here, there was sufficient circumstantial evidence indicating that Mr. Kennon constructively possessed the pistol and ammunition. Mr. Kennon exited the Expedition from the driver's side, and shortly afterwards detectives saw a pistol in plain view on the passenger seat. There were no other passengers in the Expedition when Mr. Kennon drove and parked it in front of the target house. And two cards in Mr. Kennon's name, including his Florida identification card, were found inside the vehicle along with the firearm.

Viewing this evidence in the light most favorable to the government, a reasonable fact-finder could have found that Mr. Kennon had driven the Expedition with the pistol in the passenger seat. Based on this, it could also reasonably have found that Mr. Kennon had knowledge and control of the pistol and ammunition. *See United States v. Howard*, 742 F.3d 1334, 1341-42 (11th Cir. 2014) (finding evidence sufficient to show constructive possession where officers found firearm in glove compartment and defendant had been in driver's seat shortly before the search); *United States v. Gates*, 967 F.2d 497, 499 (11th Cir. 1992) (defendant who was passenger in vehicle with two firearms found under the driver's seat "had sufficient access to the firearms to establish possession").

**B**

Mr. Kennon also argues that the evidence was insufficient to prove the interstate commerce element of the offense. Because he did not raise this objection in the district court, we review this argument only for plain error.

The main evidence that the pistol and ammunition traveled in interstate commerce was the testimony of ATF Agent Lanier. As to the firearm, Agent Lanier testified that it was a "Glock model 22, generation 3, .4 caliber semiautomatic handgun," and that it was manufactured in Austria.  He based his conclusion on, among other things, an inscription on the gun indicating the manufacturing location and importing location, his experience as a Glock user and armorer, his experience inspecting firearms, and his experience training officers how to use Glock firearms. As to the ammunition, Agent Lanier testified, again based partly on inscriptions on the rounds, that the rounds were manufactured in Arkansas and the Czech Republic.

The jury did not err, much less plainly err, in finding this evidence sufficient to establish the interstate commerce nexus. We have explained that § 922(g) "only requires that the government prove some minimal nexus to interstate commerce, which it may accomplish by demonstrating that the firearm possessed traveled in interstate commerce." *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (internal quotation marks omitted). And we have noted that inscriptions on weapons provide "a clear indication of interstate commerce." *United States v. Brantley*, 68

7

F.3d 1283, 1287 (11th Cir. 1995). *See also United States v. Clay*, 355 F.3d 1281, 1286 (11th Cir. 2004) (firearm inscription indicating the manufacturer's name and location was sufficient to establish interstate commerce element of § 922(g)); *United States v. Patterson*, 820 F.2d 1524, 1526 (9th Cir. 2016) (an inscription indicating that a gun, found in California, was manufactured in Florida was sufficient to establish that the gun traveled in interstate commerce).[2]

## C

Finally, Mr. Kennon argues that there was insufficient evidence for a reasonable jury to find that the gun at issue here was a firearm as defined by the applicable statute. *See* 18 U.S.C. § 921(a)(3) (defining a "firearm" as, among other things, "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive"). Specifically, he points to the fact that there was no trace report for the serial number on the gun, no testing performed on the gun, no specific evidence that the gun was operable, and no formal expert opinion that the gun met the statutory definition of a firearm.

We disagree. "The government need not show to a scientific certainty that a defendant is carrying a device that fires projectiles by means of an explosive. Indeed,

---

[2] Mr. Kennon also appears to argue that the inscription on the pistol was inadmissible testimonial hearsay evidence in the context of this case. But Mr. Kennon cites no authority and provides scant reasoning to support the notion that a manufacturing inscription on a firearm is testimonial in the sense that its "primary purpose [is] to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822.

the government need not offer the gun itself into evidence or produce an expert witness to identify a firearm." *United States v. Woodruff*, 296 F.3d 1041, 1049 (11th Cir. 2002) (internal quotation marks omitted).  Here, the actual firearm and the ammunition it contained were in evidence, and the jury heard witness testimony about the firearm's make and model. The jury therefore had a sufficient basis on which to find that the pistol satisfied the statutory definition of a firearm.

## IV

For the foregoing reasons, we affirm.