UNITED STATES of America, Plaintiff-Appellee,

v.

John T. MILLWOOD, Defendant-Appellant.

No. 91–8295
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 14, 1992.

---

Jeffery C. Duffey, Susan G. James, Montgomery, Ala., for defendant-appellant.

William L. McKinnon, Jr., Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, HATCHETT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant appeals the sentence he received in the district court for conspiracy to manufacture methamphetamine, 21 U.S.C. § 846 (1988). He assigns three points of error, none of which was raised in the district court; he also claims that the trial attorney failed to render him effective assistance of counsel. With respect to this latter claim, we do not consider ineffective counsel claims on direct appeal from a conviction. *See, e.g., United States v. Griffin,* 699 F.2d 1102, 1107–09 (11th Cir.1983). The same policy logically should apply to direct appeals from sentences; thus, we refuse to consider appellant's ineffective assistance claim at this time. Whether counsel rendered ineffective assistance should be determined in the first instance by the district court on a fully developed evidentiary record. Once such a determination has been made, we will review it.

In *United States v. Jones,* 899 F.2d 1097 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), in the exercise of our supervisory power, we directed the district courts, after imposing sentence, to elicit the parties' objections, if any, to the sentence. We did this to facilitate appellate review, and moreover, to enable the district court to correct on the spot any error that may have occurred in reaching the sentence and thus, perhaps, to render an appeal unnecessary. In this case, the district court failed to elicit the parties' objections; hence, they are presented to us for the first time. The district court, as we said in *Jones,* should pass on them first. We therefore vacate appellant's sentence and remand the case for further proceedings.

VACATED and REMANDED.