[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-11146

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KARIJMAH TREMAINE MOSELY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00107-WFJ-AEP-1

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN, Circuit Judge, and
BROWN,⋆ District Judge.

PER CURIAM:

Karijmah Mosley appeals his sentence for possessing a fire-
arm after being convicted of a felony, in violation of 18 U.S.C. §§
922(g) and 924(a)(2). Mosley argues the district court did not elicit
objections as required by *United States v. Jones*, 899 F.2d 1097 (11th
Cir. 1990), *overruled on other grounds by United States v. Morrill*,
984 F.2d 1136 (11th Cir. 1993) (en banc). We vacate and remand
for further proceedings consistent with this opinion.

## I.    BACKGROUND

Mosley pleaded guilty to the sole count of the indictment.
The presentence investigation report ("PSI") recounted the details
of his criminal activity. It explained that, in January 2018, Mosely
was driving a car without a working tag light. When the police
tried to stop him, Mosely fled, driving through stop signs and
nearly crashing into other cars. He eventually ditched the car, fled
on foot, and hid a firearm under a trailer near a residence where he
was arrested. The PSI explained that the firearm "was reported
stolen in Hillsborough County on November 8, 2017." In calculat-
ing Mosley's offense level, the PSI recommended a two-level en-
hancement because the firearm was "reported stolen out of the

---

⋆ Honorable Michael L. Brown, United States District Judge for the Northern
District of Georgia, sitting by designation.

Hillsborough County Sheriff's Office."  Mosely asserted no objections to the factual findings in the PSI or its calculation of the advisory guideline range.

At the sentencing hearing, the district court adopted the PSI and calculated an advisory range of 37 to 46 months' imprisonment.  Before imposing sentence, the district court heard argument from the United States in support of its request for a sentence within the guideline range.  Defense counsel also argued in support of a guideline sentence.  The district court then commented on Mosley's criminal activity and background.  It recognized Mosley had led police on a highspeed chase to avoid arrest and created an "extremely dangerous" situation by ditching the firearm "in an urban neighborhood full of kids."  The district court noted that Mosley had been arrested or cited 59 times in the last 14 years, had no lawful employment except for one short time, had no evidence he got the car from a lawful job, and likely also carried a concealed weapon.  The district court explained it would vary upward based on "3553(a)(1), history of the defendant and nature of the offense . . . (a)(2)(a), seriousness of the offense, to promote respect for the law, just punishment; (a)(2)(b), deterrence; and (a)(2)(c), to protect the public; and then (a)(4), which is kinds of sentences available."  The district court did not explain its assessment of those factors but rather said it would "write all this down in the judgment."  The court sentenced Mosley to 87 months' imprisonment.

In its subsequent Statement of Reasons, the district court repeated some of its remarks about Mosley's criminal history, lack of

employment, and possession of the automobile. The district court also stated it imposed the sentence, in part, because "[t]he stolen weapon that [Mosley] possessed was stolen from the police department." Mosley appeals his sentence, arguing the district court erred in sentencing him based on that conclusion without first allowing him an opportunity to object.

## II.    DISCUSSION

Under *Jones*, a district court must "elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law." *Jones*, 899 F.2d at 1102. The purposes of *Jones* are to elicit objections "for appellate review" and to "give the court an opportunity to correct any errors it may have made, which if corrected to the objecting party's satisfaction will render an appeal unlikely." *United States v. Irey*, 612 F.3d 1160, 1245 (11th Cir. 2010) (en banc) (Tjoflat, J., concurring in part and dissenting in part). We review *de novo* whether a district court has given a defendant the required opportunity to object to its factual and legal findings. *United States v. Carrasquillo*, 4 F.4th 1265, 1271 (11th Cir. 2021). When the district court fails to do so, we ordinarily "vacate the sentence and remand to the district court to give the parties an opportunity to present their objections." *United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007). If the record allows review of the parties' objections, however, we will not remand but will rather consider the parties' objections *de novo*. *Id.*

The district court did not follow the *Jones* procedure in this case. During the sentencing hearing, no one mentioned the

firearm having been stolen *from* a police department.  Paragraphs 5 through 8 of the PSI set forth the "Offense Conduct," that is, the relevant facts of the case.  Paragraph 6 explains the firearm "was reported stolen in Hillsborough County."  Paragraphs 13 through 23 calculate the offense level.  Paragraph 15 recommends a two-level enhancement because the firearm "was reported stolen out of the Hillsborough County Sheriff's Office."  When read together, these allegations explain that the gun was reported stolen in Hillsborough County to that sheriff's office, not that it was stolen *from* the sheriff.

The United States disputes this interpretation.  It says the two paragraphs in the PSI mean "that Hillsborough County was the general geographic region of the theft and that the county sheriff's office was the specific location of the theft."  So the United States claims the district court provided Mosely every opportunity to object at sentencing. We disagree.  The United States' argument focuses on the words "out of" in paragraph 15.  But that paragraph contains the probation officer's diction and characterization of the evidence when calculating the guidelines.  The factual section of the PSI (paragraph 6) clearly states the firearm was reported stolen "in" that county with no reference to the location of the theft.  It seems unlikely the probation officer was adding facts about the victim of the theft when he applied the factual finding in paragraph 6 to the "stolen firearm" enhancement in paragraph 15.  The factual findings in the PSI control.  The simplest reading of these two paragraphs is that the firearm was reported by the Hillsborough

Sheriff's Office as having been stolen within its jurisdiction. And that is all. Nevertheless, in the Statement of Reasons, the district court found that "[t]he stolen weapon that [Mosley] possessed was stolen from the police department." Because the district court first announced this conclusion after the sentencing hearing when it issued the written document, the district court did not provide Mosley an opportunity to object to its finding as to the victim of the theft.

Since the factual dispute Mosley asserts was not discussed by either party at sentencing, the record is not sufficient for meaningful appellate review. In other words, this is not a mere "technical" *Jones* violation. *See United States v. Holloway*, 971 F.2d 675, 681 (11th Cir. 1992) (where defendant did not object to the PSI or his sentence at the sentencing hearing, the district court's failure to elicit objections was not a mere technical violation of *Jones* and the sentencing record was not sufficiently developed for review); *cf. United States v. Cruz*, 946 F.2d 122, 123–24, 124 n.1 (11th Cir. 1991) (reviewing a technical *Jones* violation claim where record was sufficient for appellate review because, at the sentencing hearing, Cruz opposed the district court's calculation of the amount of drugs used to determine his guideline range, the same claim he raised on appeal). We thus remand to the district court so it may first correct any error, elicit full objections, and impose the resulting sentence.

A district court's post-sentencing Statement of Reasons form is not typically a document a defendant may use to pursue a *Jones*

violation. Federal law requires a district court to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the district court imposes a sentence outside the guideline range, it must state the specific reason for the imposition of that sentence and complete the Statement of Reasons form. *Id.* § 3553(c)(2). The written form merely memorializes the district court's reasoning. In most instances, any discrepancy between a court's real-time pronouncement and later filed form would not support a *Jones* claim. But, in this case, the district court did not state fully its basis for departing during the sentencing hearing but rather said it would explain its reasoning in the judgment and then explained itself in the Statement of Reasons. In this particular instance, the post-sentencing form exposed an error in the district court's sentencing process. The Court is not inviting new *Jones* claims based on Statements of Reasons beyond this situation.

The Court offers no opinion on the reasonableness of the sentence. That is for the district court to reassess after providing Mosely an opportunity to object to any factual findings underlying its analysis. Mosley also argues the district court failed to allow him to object to three other findings (the gun was a kind used in street crime in the area, Mosley had never been employed, and the car he had been driving had not been obtained through legal wages), and the United States agrees a *Jones* error occurred regarding the first. The Court offers no opinion on these findings but invites the district court to give Mosley an opportunity to address them. Mosley also argues the district court erred in imposing a different, stricter

condition of supervised release in its written judgment (full-time, verifiable, *taxable* job) than in its oral pronouncement (full-time, verifiable job).  On remand, the district court should ensure its written judgment conforms with its oral pronouncement.  *See United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000) ("When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs.").  Because we vacate Mosely's sentence and remand for resentencing, we do not pass on the substantive reasonableness of the sentence or the child support special condition.

## III.    CONCLUSION

We **VACATE** Mosley's sentence and **REMAND** for resentencing in accordance with this opinion.