[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13849

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KARIJMAH TREMAINE MOSLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00107-WFJ-AEP-1

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Karijmah Mosley initially went to federal prison after pleading guilty to possessing a firearm as a convicted felon. That sentence didn't last. Under our decision in *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990),[1] we insist that a district court must "elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law." *Id.* at 1102. On direct appeal, we concluded that the district court had failed to comply with *Jones* and vacated Mosley's sentence. *United States v. Mosely*, 31 F.4th 1332, 1334–36 (11th Cir. 2022). The district court resentenced Mosley, who eventually left prison on supervised release. But Mosley promptly ran afoul of the law and was charged with several state crimes. So, the district court revoked his supervised release and sentenced him to 24 months in prison to be followed by another year of supervised release.

Mosley now appeals from that sentence. He argues, among other things, that the district court—for a second time—failed to comply with *Jones* and that the district court failed to properly provide him with the opportunity to allocute. After careful

---

[1] Overruled on other grounds by *United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (en banc).

consideration of the record, we agree with Mosley.  We therefore vacate his sentence and remand for resentencing.

## I

## A

Under *Jones*, the district court must "elicit fully articulated objections . . . to the court's ultimate findings of fact and conclusions of law" after it "states its factual findings, applies the guidelines, and imposes sentence."  899 F.2d at 1102.[2]  The purposes of a *Jones* colloquy are to elicit objections for appellate review and to limit the issues on appeal (or render an appeal unlikely) by giving the district court an opportunity to correct any errors.  *See Mosely*, 31 F.4th at 1334; *United States v. Holloway*, 971 F.2d 675, 681 (11th Cir. 1992).  "[T]he objection-elicitation requirement of *Jones* is applicable to supervised release revocation proceedings."  *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007).

The *Jones* requirement is strict and longstanding.  In *Campbell*, we explained that "this court has held that when the district court merely asks if there is 'anything further?' or 'anything else?' and neither party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated *Jones*."  473 F.3d at 1348 (citing *Holloway*, 971 F.2d at 681; *United States v. Snyder*, 941 F.2d 1427, 1428 (11th Cir. 1991)).  The facts in

---

[2] We review de novo whether a district court has given a defendant the required opportunity to object.  *United States v. Carrasquillo*, 4 F.4th 1265, 1271 (11th Cir. 2021).

*Campbell* are illustrative.  There, the district court informed the defendant of his right to appeal and then asked:  "Is there anything further?"  *Id*.  In response, defense counsel "requested the court to recommend drug treatment and the Government said that it had nothing further."  *Id*.  Under those circumstances, we held that the district court failed to follow *Jones*.  *Id*.

This case is just like *Campbell*.  At Mosely's revocation hearing, the district court generally asked the parties whether they had "[a]nything else" they wished to address—instead of specifically inquiring as to whether the parties had any objections to the sentence imposed.  *See Campbell*, 473 F.3d at 1348.  The district court made this inquiry multiple times, but neither party responded with substantive comments indicative of any understanding that the court's general inquiries were meant to elicit objections.  *Cf. United States v. Ramsdale*, 179 F.3d 1320, 1324 n.3 (11th Cir. 1999) (holding that a district court *did* satisfy *Jones* by asking "anything else," but only because defense counsel stated an objection in response).  Quite like in *Campbell*, here Mosley's counsel responded to the "anything else" query by making various requests about the details of Mosley's sentence: requesting placement in a particular prison, reminding the court about the possibility of time-served credit, and asking for clarification about curfew times.  And, like in *Campbell*, "neither side raised a fully articulated objection."  473 F.3d at 1348 (quotation marks omitted).  We therefore conclude that the district court failed to comply with the *Jones* rule at Mosely's revocation hearing.

**B**

A *Jones* violation does not per se require us to vacate and remand.  A remand is unnecessary "when the record on appeal is sufficient to enable review"—in which case challenges are to be reviewed as if they had been preserved below.  *Campbell*, 473 F.3d at 1347.  Thus, we have declined to vacate and remand, despite a *Jones* error, where the issue raised on appeal was a pure legal issue or the arguments were presented below.  *See United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006); *United States v. Cruz*, 946 F.2d 122, 124 n.1 (11th Cir. 1991).  Conversely, we have vacated and remanded where the issue on appeal is factual or was not presented to the district court.  *See, e.g.*, *Holloway*, 971 F.2d at 681; *United States v. Millwood*, 961 F.2d 194, 195 (11th Cir. 1992); *Snyder*, 941 F.2d at 1428.

Here, in addition to his *Jones* issue, Mosley argues (1) that the district court procedurally erred by failing to explain its imposed sentence; (2) that his sentence is substantively unreasonable; (3) that the court abused its discretion by imposing certain employment, child support, and curfew provisions on his supervised release; and (4) that the court didn't provide him with the opportunity to allocute at his revocation hearing.

With respect to the first three of these arguments, we conclude that—in the context of a *Jones* error—the record on appeal is not sufficient to enable review.  The district court's discussion of Mosley's ultimate sentence is extremely limited; the only identifiable reasoning it provided for its 24-month sentence was a brief

reference to Mosley's considerable arrest record. Also, the district court merely listed its special supervised-release conditions. It provided neither a discussion of the factual findings that supported the imposition of the curfew, child support, and employment provisions, nor an explanation as to why they comported with the necessary considerations. And, when Mosley's counsel asked for the curfew times to be repeated, the only additional elaboration the court provided was that the midnight to 5:00 a.m. curfew was "very fair." We therefore vacate and remand and do not now consider Mosley's failure-to-explain, substantive reasonableness, and release conditions arguments. These shortcomings, if they exist, could be cured on remand—Mosley will have the opportunity to present his objections to the court's factual and legal conclusions at a resentencing hearing.

## II

The record is sufficient to review Mosley's allocution argument. "Allocution is the right of the defendant to make a final plea on his own behalf to the sentencer before the imposition of sentence." *United States v. George*, 872 F.3d 1197, 1206 (11th Cir. 2017) (citation and quotation marks omitted). This right applies at revocation proceedings. *United States v. Carruth*, 528 F.3d 845, 846–47 (11th Cir. 2008). Before imposing a sentence, the district court must address the defendant and allow him to speak in mitigation of his sentence. Fed. R. Crim. P. 32(i)(4)(A)(ii); *see also* Fed. R. Crim. P. 32.1(b)(2)(E) (providing that a defendant at a revocation hearing must be given the "opportunity to make a statement and present any information in mitigation"). We have clarified that "the right

to allocute under Rule 32.1 is clearly not substantively different from the right to allocute under Rule 32." *Carruth*, 528 F.3d at 847. Under either rule, a "court must personally extend to the defendant the right to allocution." *Id.*

Before we get to the substance of the allocution argument, a note on the standard of review. We've never held that a challenge to the denial of the right of allocution is preserved due to a *Jones* error. But there's no need to decide whether or not plain-error review applies here, because Mosley's argument succeeds even on that exacting standard. To reverse under plain-error review, we must conclude that: "(1) an error occurred, (2) the error was plain, (3) the error affected substantial rights in that it was prejudicial and not harmless, and (4) the error seriously affected the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011).

We have held that it is plain error when a district court fails to personally address the defendant regarding his right to allocution, and instead addresses only the defendant's attorney. *See Perez*, 661 F.3d at 583–86; *Carruth*, 528 F.3d at 847. For example, in *Perez*, before sentencing the defendant, "the district court asked, '[w]ill the defendant be allocuting[?]'" 661 F.3d at 584 (alteration in original). Then the defendant "and his attorney conferred privately for an unspecified time period." *Id.* After conferring, "[d]efense counsel then stated: 'No, Your Honor. He doesn't wish to address the Court.'" *Id.* We determined that, although the record was "cold" and there was no indication whether the court was "direct[ing] its

question to the defendant, his attorney, or both, [the defendant] may reasonably have viewed the statement—given its wording—as a question directed only to his attorney." *Id.* On those facts, we held that the district court had deprived the defendant of his right to allocute. *Id.*

So too here. Despite referencing Mosley's ability to speak multiple times during the revocation hearing, the district court never seems to have taken the crucial step of *personally addressing* Mosley when discussing his right, instead directing its inquiries toward both defense counsel and (in the third person) "Mr. Mosley." Here, at two points in the revocation hearing, the district *did* personally address Mosley and elicit a response. *See* Tr. Revocation of Supervised Release Final H'rg at 4:1–2, ECF No. 148 ("Mr. Mosley, how are you pleading; guilty or not guilty?"); *id.* at 12:15–17 ("Mr. Mosley, you are clearheaded today and free from any alcohol or drugs or mental disturbances that would impair your free thinking?"). But at the point where the district court perhaps meant to allow Mosley to allocute, in context the court appears to have addressed defense counsel, not Mosley. *See id.* at 10:5 ("Does Mr. Mosley wish to address the Court?"); *cf. Perez*, 661 F.3d at 584 (contrasting "comments the court [made] previously [when] address[ing] . . . the defendant personally" with the "formal legal language" used when the district court inquired about allocution). So, we agree with Mosley that the district court failed to "leave no room for doubt that the defendant has been issued *a personal invitation* to speak prior to sentencing." *Green v. United States*, 365 U.S. 301, 305 (1961) (emphasis added).

The other plain error considerations are satisfied.  First, the error was plain.  As we said in *Perez*, "Eleventh Circuit precedent clearly establishes that statements made to counsel do not adequately protect the defendant's right of allocution."  661 F.3d at 585.  Second, the error affected Mosley's substantial rights because "the possibility of a lower sentence exist[ed]."  *Id.* at 586; *see Carruth*, 528 F.3d at 847 n.4.  The district court here sentenced Mosley to the statutory maximum—24 months.  *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a).  And third, "denial of the right to allocute affects the fairness, integrity, and public reputation of judicial proceedings."  *Perez*, 661 F.3d at 586.  Thus, the district court's failure to issue a personal invitation to Mosley to allocute was plain error.

### III

For the foregoing reasons, we hold, first, that the district court failed to comply with *Jones* by expressly eliciting objections at Mosley's revocation hearing.  And, second, we hold that the district court committed plain error by failing to issue a personal invitation to Mosley to allocute.

**VACATED AND REMANDED.**