[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-11511

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Petitioner-Appellee,

*versus*

GRANT ELMORE DAVIS, JR.,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00135-TPB-KCD-1

————————————————

Before JILL PRYOR, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Grant Elmore Davis, Jr. appeals his upward-variance sentence of life imprisonment, plus 300 months, for armed bank robbery, discharging a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm. On appeal, Davis argues that the district court erred by failing to elicit objections after imposing his sentence, resulting in an insufficient record for appellate review. He additionally argues that the district court procedurally erred by basing its sentence on the government's unsupported factual assertions and abused its discretion by imposing a substantively unreasonable sentence.

Under *United States v. Jones*, a district court must elicit fully articulated objections following the imposition of a sentence to the court's ultimate findings of fact and conclusions of law. 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled in part on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993). We "review *de novo* whether a district court has given a defendant the required opportunity to object to its factual and legal findings." *United States v. Mosely*, 31 F.4th 1332, 1334 (11th Cir. 2022). "The purposes of *Jones* are to elicit objections for appellate review and to give the court an opportunity to correct any errors it may have made, which if corrected to the objecting party's satisfaction will render an appeal unlikely." *Id.* (quotation marks omitted).

When the district court fails to perform a *Jones* colloquy, we "ordinarily vacate the sentence and remand the case to the district court to give the parties an opportunity to present their objections." *Id.* (quotation marks omitted). Such remedy is appropriate if the defendant did not have the opportunity at sentencing to raise the issues challenged on appeal, resulting in an insufficiently developed record for appellate review. *See United States v. Holloway*, 971 F.2d 675, 681 (11th Cir. 1992) (vacating the sentence and remanding for resentencing as the district court's failure to elicit objections was not merely a "technical" violation of *Jones* because the defendant challenged on appeal the court's restitution calculation, which he had not raised at sentencing or objected to in the PSI); *see also Mosely*, 31 F.4th at 1334-35 (vacating the sentence and remanding for resentencing because the factual dispute on appeal was not discussed by either party or the district court at sentencing yet relied upon by the district court in its Statement of Reasons to justify varying upwardly by 41 months); *United States v. Campbell*, 473 F.3d 1345, 1348-49 (11th Cir. 2007) (declining to review a sentence for reasonableness and vacating and remanding for resentencing under *Jones* because the district court failed to make an "on-the-record consideration" of the defendant's guidelines range, such that we could not determine whether the district court acted within its discretion).

If the *Jones* error was merely "technical," such that the record allows for review of the parties' objections, we will not remand, but "will rather consider the parties' objections *de novo*." *Mosely*, 31 F.4th at 1334-35. We have stated that review is possible

when "the same objections raised on appeal had been argued before sentence was imposed." *United States v. Carrasquillo*, 4 F.4th 1265, 1271 (11th Cir. 2021) (concluding that a "remand would be a meaningless exercise" because the defendant had "raised, explained, and preserved" his claim); *see also United States v. Cruz*, 946 F.2d 122, 123-24, 124 n.1 (11th Cir. 1991) (noting a "technical violation of *Jones*" where the district court's failure to elicit objections did not affect our ability to provide meaningful appellate review because the defendant had raised and preserved the issues on appeal); *United States v. Gates*, 967 F.2d 497, 500 & n.1 (11th Cir. 1992) (same).

When reviewing for reasonableness, we must first ensure that the district court committed no significant procedural error, such as selecting the sentence based on clearly erroneous facts or failing to adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The district court may base factual findings on evidence presented at trial, undisputed statements in the presentence report . . . or evidence presented at the sentencing hearing, and it may make reasonable inferences from the evidence." *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020). A defendant, however, has a due process right not to be sentenced based on false or unreliable information. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010). Therefore, a district court may consider any information presented at the sentencing hearing in determining whether factors exist that would enhance a defendant's sentence, provided that (1) the evidence has sufficient indicia of reliability, (2) the court makes explicit findings of fact as to

credibility, and (3) the defendant has an opportunity to rebut the evidence. *United States v. Hernandez*, 906 F.3d 1367, 1369 (11th Cir. 2018). Without a stipulation or agreement between the parties, a district court cannot rely on an "attorney's factual assertions" as evidence during a sentencing hearing. *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).

Generally, we decline to discuss the substantive reasonableness of a sentence until procedural errors we have identified have been addressed by the district court. *United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009); *see also Gall*, 552 U.S. at 51 ("Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.").

Here, the district court committed a reversible *Jones* error as its failure to elicit objections led to a record that is insufficiently developed for appellate review. Accordingly, we vacate Davis's sentence and remand for resentencing without addressing his challenges to the procedural and substantive reasonableness of his sentence.

**VACATED AND REMANDED.**