[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-14041

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SARAH ASHLEY LEMONS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:24-cr-00008-TKW-1

————————————

2                     Opinion of the Court                    24-14041

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Sarah Ashley Lemons appeals her sentence of 21 months' imprisonment following the revocation of her supervised release. She contends the district court committed a reversible *Jones*[1] error by failing to elicit objections after imposing her sentence, resulting in her being unable to object to the district court's inference that she used drugs throughout the four months prior to her arrest. Lemons additionally asserts the district court imposed a substantively unreasonable sentence by factoring in unproven, uncharged conduct that she used drugs throughout the four months prior to her arrest. After review,[2] we vacate and remand for resentencing.

Under *United States v. Jones*, a district court must elicit fully articulated objections following the imposition of a sentence to the court's ultimate findings of fact and conclusions of law. 899 F.2d 1097, 1102 (11th Cir. 1990). "The purposes of *Jones* are to elicit objections for appellate review and to give the court an opportunity to correct any errors it may have made, which if corrected to the objecting party's satisfaction will render an appeal unlikely." *United States v. Mosely*, 31 F.4th 1332, 1334 (11th Cir. 2022)

---

[1] *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993).

[2] "We review *de novo* whether a district court has given a defendant the required opportunity to object to its factual and legal findings." *United States v. Mosely*, 31 F.4th 1332, 1334 (11th Cir. 2022).

(quotation marks omitted).  When the district court fails to perform a *Jones* colloquy, "we ordinarily vacate the sentence and remand to the district court to give the parties an opportunity to present their objections." *Id.* (quotation marks omitted).  However, if the *Jones* error was merely "technical," such that the record allows for review of the parties' objections, we will not remand, but "will rather consider the parties' objections *de novo*." *Id.* at 1334-35.

As both parties concede, the district court violated *Jones* by failing to elicit fully articulated objections after imposing Lemons' sentence.  *See Jones*, 899 F.2d at 1102.  After explaining Lemons' appellate rights, the district court asked, "Any questions about that?" However, this question fails to elicit fully articulated objections. *See United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) ("In applying the *Jones* rule, [we have] held that when the district court merely asks if there is 'anything further?' or 'anything else?' and neither party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated *Jones*.").  Thus, the sole issue is whether the record is sufficiently developed for meaningful appellate review, such that remanding for resentencing is unnecessary.  *See United States v. Holloway*, 971 F.2d 675, 681 (11th Cir. 1992) (explaining remand is appropriate if the defendant did not have the opportunity at sentencing to raise the issues challenged on appeal, resulting in an insufficiently developed record for appellate review).

The record is insufficiently developed for meaningful appellate review.  In explaining the sentence at the revocation hearing,

the district court inferred that Lemons likely used drugs throughout the four-month period before her arrest.  The Government contends the record is sufficiently developed for appellate review of this factual issue because Lemons admitted to four of the five supervised release violations and she does not appeal the district court's finding of her guilt on the fifth violation.  It maintains the district court's inference was derived from facts admitted to at the revocation hearing, including, but not limited to, Lemons using drugs the day before her arrest in September 2024.  But concluding, based on these facts, that Lemons used drugs *throughout* the four-month period requires an inferential step to which Lemons did not admit.  Significantly, the district court expressly assumed this inference and incorporated it into its sentencing rationale.  The district court stated, "And obviously at some point during that four-month period you were—and I think you told me the day before your arrest—using drugs.  *So I think it's probably fair to assume that during that entire period, you were doing that.*"  Because the factual dispute Lemons asserts, whether she used drugs throughout the four months prior to her arrest, was not discussed by either party at the revocation hearing, the record is not sufficient for meaningful appellate review to decide the procedural reasonableness of Lemons' sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) (stating when reviewing for reasonableness, we must first ensure that the district court committed no significant procedural error, such as selecting the sentence based on clearly erroneous facts or failing to adequately explain the chosen sentence).

Because this Court cannot meaningfully review Lemons' procedural challenge, we need not address whether the district court imposed a substantively reasonable sentence. *See United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009) (explaining generally, we decline to discuss the substantive reasonableness of a sentence until procedural errors it has identified have been addressed by the district court); *Gall*, 552 U.S. at 51 ("Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."). Accordingly, we vacate Lemons' sentence and remand for resentencing.

**VACATED AND REMANDED.**