**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14071

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ARTHUR WILLIAMS, JR.,
a.k.a. Graveyard,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:07-cr-00007-TKW-MJF-2

_____

Before LAGOA, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Arthur Williams, Jr., appeals his 30-month sentence, imposed upon the revocation of his supervised release. He makes two

2                        Opinion of the Court                    24-14071

arguments on appeal.  First, he argues that the district court erred under *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990),[1] by failing to elicit objections after imposing his sentence.  Second, he argues that the district court committed procedural error by focusing on retribution in imposing his supervised release revocation sentence, which is not permitted under the Supreme Court's recent decision in *Esteras v. United States*, 145 S. Ct. 2031 (2025).  The government concedes that the district court violated *Jones* but argues that we should affirm in any event because the error was merely "technical" and does not require remand.[2]  After carefully considering the briefs and the record, we agree with the parties that the district court violated *Jones,* and we agree with Williams that remand is warranted.  Accordingly, we vacate and remand for resentencing.

Under *Jones*, a district court imposing a sentence must "elicit fully articulated objections, following imposition of the sentence, to the court's ultimate findings of fact and conclusions of law." 899 F.2d at 1102.  The purposes of this *Jones* colloquy is "to elicit

---

[1] *Jones* was overruled in part on other grounds by *United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993) (*en banc*), but the holding from *Jones* at issue here remains in force.  *See United States v. Mosely*, 31 F.4th 1332, 1333 (11th Cir. 2022) (recognizing this point).

[2] The government's response brief pre-dates *Esteras*, so its argument on the *Esteras* issue Williams raises urges us to follow an unpublished decision which *Esteras* has since abrogated.  *See United States v. Perry*, 2025 WL 786609, at *3 (11th Cir. Mar. 12, 2025) (unpublished), *abrogated by Esteras*, 145 S. Ct. at 2045–46.  As discussed below, this further supports remand here.

objections 'for appellate review' and to 'give the [district] court an opportunity to correct any errors it may have made, which if corrected to the objecting party's satisfaction, will render an appeal unlikely.'" *Mosely*, 31 F.4th at 1334 (quoting *United States v. Irey*, 612 F.3d 1160, 1245 (11th Cir. 2010) (*en banc*) (Tjoflat, J., concurring in part and dissenting in part)); *see also United States v. Holloway*, 971 F.2d 675, 681 (11th Cir. 1992) ("We require 'fully articulated objections' for two reasons: (1) a well-made objection may permit the court to cure an error, perhaps avoiding the need for appeal; and (2) an objection may narrow the issues on appeal."). This holding from "*Jones* is applicable to supervised release proceedings." *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007).

"We review *de novo* whether a district court has given a defendant the required opportunity to object to its factual and legal findings." *Mosely*, 31 F.4th at 1334 (citing *United States v. Carrasquillo*, 4 F.4th 1265, 1271 (11th Cir. 2021)). "When the district court fails to do so, we ordinarily 'vacate the sentence and remand to the district court to give the parties an opportunity to present their objections.'" *Id.* (quoting *Campbell*, 473 F.3d at 1347). "If the record allows review of the parties' objections, however, we will not remand but will rather consider the parties' objections *de novo*." *Id.* "For example, a record permits meaningful review when 'the same objections raised on appeal had been argued before sentence was imposed.'" *Carrasquillo*, 4 F.4th at 1271 (quoting *United States v. Gates*, 967 F.2d 497, 500 n.1 (11th Cir. 1992)); *see also United States v. Cruz*, 946 F.2d 122, 123–24 & n.1 (11th Cir. 1991).

Here, the parties do not dispute that the district court violated *Jones*, and, having review the record, we agree.[3] After pronouncing the details of Williams's sentence, the district court asked the probation officer: "Mr. Campos, anything else from your perspective?" to which the probation officer replied: "No, Your Honor." The court then addressed the government's counsel, saying: "Mr. Narramore?" who responded: "No, Your Honor," and Williams's counsel, who responded: "Nothing, Your Honor." Lastly, the court directly addressed Williams and said: "All right. Mr. Williams, I'm not going to ask you whether you agree or disagree with the sentence, but I am going to ask you whether you understand it. Do you?" Williams confirmed, and then the court informed him of his right to appeal and concluded the sentencing hearing. The court's truncated colloquy violated *Jones*. We have explained "that when the district court merely asks if there is 'anything further?' or 'anything else?' and neither party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated *Jones*." *Campbell*, 473 F.3d at 1348.

The only remaining question is whether the record is sufficiently developed for us to review Williams's *Esteras* argument on appeal notwithstanding the district court's *Jones* error. We conclude that it is not. Williams raises an issue for the first time on appeal that he, like the defendants in *Holloway*, *Mosely*, and *Campbell*, did not have an opportunity to raise, explain, or preserve

---

[3] We are not bound by the government's concession, *see United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009), but here we find it well taken.

during his sentencing hearing due to the district court's failure to elicit objections. *See Jones*, 899 F.2d at 1102; *Holloway*, 971 F.2d at 681; *Mosely*, 31 F.4th at 1334–35; *Campbell*, 473 F.3d at 1348–49. Also, the alleged *Esteras* error did not occur until the district court's explanation of its chosen sentence, which was essentially at the close of the sentencing hearing. Thus, Williams's case is unlike those where we have overlooked "technical" non-compliance with *Jones* and reviewed the issue on the merits. *See, e.g.*, *Carrasquillo*, 4 F.4th at 1271; *Cruz*, 946 F.2d at 123–24 n.1; *Gates*, 967 F.2d at 500 n.1. In addition, because *Esteras* was decided while this appeal was pending, the district court did not have the benefit of the Supreme Court's decision when it sentenced Williams.

Accordingly, the district court will be in a better position to address Williams's argument and the effect of *Esteras* on its sentencing decision in the first instance and create the record that *Jones* requires. *See, e.g.*, *United States v. Pickett*, 916 F.3d 960, 967 (11th Cir. 2019) (remanding in light of intervening Supreme Court caselaw); *Powell v. Sch. Bd. of Volusia Cnty.*, 86 F.4th 881, 883 (11th Cir. 2023) (same). For these reasons, we vacate and remand for resentencing.

**VACATED AND REMANDED.**