**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11667

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

STEVE HENRY,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20151-RAR-3

————————————

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Steve Henry appeals his total sentence of 60 months' imprisonment for conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute cocaine.

Henry contends the district court clearly erred in denying relief under the safety-valve provision that would provide him with relief from the otherwise mandatory-minimum sentence for his offense. 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). Henry asserts he qualified for safety-valve relief despite receiving a sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm as the firearms he sold on February 22, 2024, and the firearms he hid behind a chair the night of the April 2, 2024, search of the trap house were unrelated to any drug transactions.

As relevant to Henry's argument, one requirement for safety-valve relief is that the defendant did not possess a firearm "in connection with the offense." 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2). Henry is correct that not all defendants who receive the possession of a firearm enhancement under § 2D1.1(b)(1) "are precluded from relief under subsection (a)(2) of the safety valve." *United States v. Carillo-Ayala*, 713 F.3d 82, 91 (11th Cir. 2013). However, to satisfy the safety-valve requirements, "a defendant who receives a § 2D1.1(b) enhancement must show that it is more likely than not that the possession of the firearm was not in connection with the offense," which "will undoubtedly be rare." *United States v. Carrasquillo*, 4 F.4th 1265, 1272, 1274 (11th Cir. 2021) (quotation marks omitted). A defendant possesses a firearm "in connection" with a drug offense pursuant to the safety-valve provision "if the firearm is in proximity to drugs or if the firearm facilitates the drug offense." *Carillo-Ayala*, 713 F.3d at 96. If the evidence shows as such, "the safety valve is unavailable unless the defendant negates

the proof by a preponderance of the evidence, or unless the government precludes relief by proving the fact by a preponderance of the evidence." *Id.* Reflecting this burden of proof, "the presence of a gun within a defendant's dominion and control during a drug trafficking offense ordinarily *will* suffice to show . . . the defendant possessed the firearm in connection with the offense." *Id.*

The court did not clearly err when it found that Henry was not among the rare defendants who could receive both a firearm enhancement and safety-valve relief, and in denying relief to Henry under the safety-valve provision.[1] *See United States v. Maisonet*, 121 F.4th 194, 199 (11th Cir. 2024) ("We review a district court's factual findings about safety valve relief for clear error.").

Regarding the February 22, 2024, firearm sale, even though there was no evidence this sale also involved drugs, it was not error for the district court to find that Henry engaged in a "transaction pattern" of firearm and drug sales from the trap house and the firearm sale was not a "one-off." *See generally Carrasquillo*, 4 F.4th at 1272-74. As such, it was reasonable that Henry would have used money from the firearm sale to facilitate the drug enterprise, and that his sale of firearms facilitated the drug offense "by instilling confidence in others who relied on" him that he could provide them with both drugs and firearms. *See Carillo-Ayala*, 713 F.3d at 96. Therefore, the court did not clearly err in holding there was

---

[1] The district court examined Henry's eligibility for safety-valve relief under the correct standard, separately from the § 2D1.2 standard, and acknowledged the two standards should not be conflated.

more likely than not a connection between Henry's firearm sale and the drug offense. *Id.* at 98 (holding that, with a "mixed" drugs and firearms business, "one could reasonably question whether [the defendant] put the money he received for the firearms to work in his drug enterprise. If so, the firearms facilitated his drug offense, and he possessed them 'in connection with'" it).

Regarding the April 2, 2024, search of the trap house, police recovered drugs and the firearms hidden by Henry, and the firearms' presence at the site of the charged conduct "simply '*has*'—without any requirement for additional evidence—the potential to facilitate the drug offense." *See id.* at 92. Moreover, Henry knew where the firearms were located and, thus, it was not error for the district court to conclude there was a strong presumption that Henry would have used them if his illegal activities were threatened. *See id.* (explaining the proximity of a firearm to drugs satisfies a connection because "there is a strong presumption that a defendant aware of the weapon's presence will think of using it if his illegal activities are threatened," and "[t]he firearm's *potential* use is critical"). Henry's arguments that he did not intend to use the firearms and that he did not have immediate access to them are insufficient to rebut the presumption. *Id.* at 94 (holding that proximity is sufficient to show a connection so long as the defendant had the potential to use a firearm to protect criminal activity); U.S.S.G. § 5C1.2(a) (lacking a proof of intent requirement). Therefore, the court did not clearly err in holding there was more likely than not a connection between Henry's stashed firearms and the drug offense, and in denying Henry relief under the safety-valve provision.

25-11667                 Opinion of the Court                 5

**AFFIRMED.**